**The document below is hereby signed.**

**Dated: December 14, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF COLUMBIA
```

In re                          )
                               )
DIANA SUSANNE BONI,            )   Case No. 07-00128
                               )   (Chapter 7)
          Debtor.              )   **Not for publication in**
                               )   **West's Bankruptcy Reporter.**

```
    MEMORANDUM DECISION AND ORDER RE CHAPTER 13
TRUSTEE'S RESPONSE RAISING ISSUES OF BAD FAITH RE THE
DEBTOR'S NOTICE OF CONVERSION OF THE CASE TO CHAPTER 7
```

The debtor filed a notice of conversion of this case, which was pending as a case under chapter 13 of the Bankruptcy Code (11 U.S.C.), to a case under chapter 7 of the Bankruptcy Code.  The chapter 13 trustee has filed a response to the notice of conversion.  She states:

> 1. The gross monthly income reported on amended Schedule I of $2,410.00 filed December 6, 2011 in conjunction with debtor's Notice of Conversion is grossly inconsistent with the verified gross monthly income disclosed on 10/11 paystubs of $5,213.00 and gross monthly 11/11 employer-verified income of $4,812.00 as well as copies of 2010 Federal and state income tax returns.
> 2. Said verified income is consistent with the Trustee's representations in the Trustee's Amended Motion to Modify filed November 22, 2011 and presently set for hearing on December 16, 2011.
> 3. As a result, the Trustee contends that the amended schedules and the Notice of Conversion were filed

    in bad faith. *Marrama v. Citizens Bank*, 127 S. Ct. 1105 (2007).

Despite the chapter 13 trustee's response, the court will treat the debtor's notice of conversion as effective to convert the case, without the necessity of a court order, pursuant to Rule 1017(f)(3) of the Federal Rules of Bankruptcy Procedure.

I

    The controlling statute, 11 U.S.C. § 1307(a), provides:

> The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time.  Any waiver of the right to convert under this subsection is unenforceable.

This provision, unlike 11 U.S.C. § 1307(c) (dealing with conversion at the request of a party other than the debtor) does not require an order of the court after notice and a hearing. Under Fed. R. Bankr. P. 1017(f)(3), a case is converted to chapter 7 upon the debtor's filing a the notice of conversion. Because the notice of conversion already effected a conversion of the case to chapter 7, the trustee's response is moot to the extent that it opposes conversion of the case to chapter 7.  Any issues of debtor misconduct that is subject to sanctions against the debtor (including any conduct that would warrant dismissing the chapter 7 case or denying the debtor a chapter 7 discharge) can be addressed in the chapter 7 case by creditors, the chapter 7 trustee, or the United States Trustee pursuing a proceeding to address such misconduct.

2

II

Section 1307(a) confers an absolute right on a debtor to convert a chapter 13 case to a case under chapter 7.  *Nady v. DeFrantz (In re DeFrantz)*, 454 B.R. 108 (B.A.P. 9th Cir. 2011). Even if an order had been required by the rules to convert the case to chapter 7, the debtor's right to convert to chapter 7 would remain an absolute right.

To elaborate, a debtor cannot be forced to stay in chapter 13, and there would be no possibility of reconversion of the case to chapter 13.  Any misconduct by the debtor can be addressed in the chapter 7 case.  Accordingly, the result would be no different if an order had been required to convert the case to chapter 7.

This conclusion is not altered by *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007).  *Marrama* gives the bankruptcy court discretion to deny a motion to convert a chapter 7 case to another chapter when the debtor's bad faith would result in the debtor not being allowed to proceed under such chapter (such that the case would be re-converted to chapter 7 if it were converted

3

to the other chapter).[1]  Section 1307(a), in contrast to 11 U.S.C. § 706(a), is not accompanied by a companion provision like 11 U.S.C. § 706(d), which applied in *Marrama* and which provides that, notwithstanding a debtor's right under 11 U.S.C. § 706(a) to convert a case to one under chapter 11, 12, or 13, "a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter."  *Marrama* treated § 706(d) as authorizing a denial of a § 706(a) motion to convert to chapter 13 when the debtor was guilty of fraudulent conduct that would result in the debtor being treated as ineligible to proceed under chapter 13.

The Court's further reliance in *Marrama* on 11 U.S.C. § 105(a) (granting a bankruptcy court authority to enter orders "to prevent an abuse of process") to buttress its reliance on § 706(d) does not require the court to treat § 1307(a) as a non-absolute right to convert to chapter 7.  The Court in *Marrama* viewed § 105(a) as "adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief

---

[1] For example, *Marrama* would apply when a debtor, based on his bad faith, has no ability to obtain a confirmed plan in chapter 13, and seeks conversion in bad faith as a delaying tactic in order to frustrate a chapter 7 trustee's efforts to liquidate assets for the benefit of creditors.  There is no danger here that the debtor is seeking a conversion in bad faith to escape the clutches of a trustee who is attempting to liquidate assets: chapter 13 is not a liquidation chapter, and there would no basis for re-converting the case to chapter 13.

4

and may provide a debtor with an opportunity to take action prejudicial to creditors." *Marrama*, 549 U.S. at 375 (footnotes omitted). Here, conversion to chapter 7 neither postpones the allowance of equivalent relief (re-conversion to chapter 13) nor provides the debtor with an opportunity to take action prejudicial to creditors. As to the issue of postponing equivalent relief, the debtor cannot be required to remain in chapter 13. As to the issue of potential debtor action prejudicial to creditors, that does not exist upon a conversion to chapter 7: in contrast to a conversion from chapter 7 to chapter 13, in which the chapter 7 trustee loses control of the property of the estate and the debtor is granted possession of the property of the estate pursuant to 11 U.S.C. § 1306(b), the conversion to chapter 7 does not place the debtor in a position to take actions prejudicial to creditors.[2]

---

[2] In chapter 7, in contrast to chapter 13, a motion to dismiss generally requires 21-day notice to the creditor body under Fed. R. Bankr. P. 2002(a) of the opportunity to oppose dismissal. Hypothetically, when a motion to dismiss is already pending in a chapter 13 case, a debtor theoretically might try, via conversion to chapter 7, to eke out an additional 21 days of delay before the case would be dismissed and the automatic stay of 11 U.S.C. § 362(a) thereby terminated. But any delay engendered would be slight and arises from the way the rules are written, not from any requirement in 11 U.S.C. § 1307(a) itself. The need for ease of administration, and the absence of any potential for meaningful prejudice to creditors, explains why Congress did not require notice and a hearing before a debtor exercises the right to convert the case to chapter 7, thereby treating the right as absolute. The rulemakers were well warranted in adopting Rule 1017(f)(3), making conversion effective upon the filing of a notice of conversion.

III

The chapter 13 trustee's response does raise issues with respect to whether the case will be allowed to stay in chapter 7, and whether the debtor will be entitled to a chapter 7 discharge. The United States Trustee, the chapter 7 trustee, and creditors can raise those issues in the chapter 7 case.

IV

For all of these reasons, it is

ORDERED that this case stands converted to chapter 7 effective upon the date of the filing of the debtor's notice of conversion to chapter 7, and that the trustee's response to the notice of conversion is deemed ineffective to change that result.

[Signed and dated above.]

Copies to:

Debtor; Debtor's attorney; Chapter 13 Trustee; Chapter 7 Trustee